IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SEAN P. DePAEPE, #A6017809 ) | CIV. NO. 19-00566 JAO-KJM |
| ) | |
| Petitioner, ) | ORDER TO SHOW CAUSE AND |
| ) | DISMISSING PETITION WITH |
| vs. ) | LEAVE TO AMEND |
| ) | |
| STATE OF HAWAIʻI, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**ORDER TO SHOW CAUSE AND
DISMISSING PETITION WITH LEAVE TO AMEND**

Before the court is pro se Petitioner Sean P. DePaepe's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. ECF No. 1. The Court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule[s]"). Because the Petition fails to (1) name a proper respondent, and (2) show that DePaepe's claims are timely, fully exhausted, and based on federal law, it appears that DePaepe "is not entitled to relief in the district court." Habeas Rule 4. The Petition is DISMISSED with leave to amend to allow DePaepe to cure its deficiencies and show cause why this action should not be dismissed.

## I. BACKGROUND[1]

DePaepe challenges his conviction for Operating a Vehicle after License and Privilege Have Been Suspended or Revoked for Operating a Vehicle under the Influence of an Intoxicant, in violation of Hawai'i Revised Statutes ("HRS") § 291E-62(a), to which he pled guilty on March 14, 2018.[2] The Circuit Court of the Second Circuit, State of Hawai'i ("circuit court") sentenced DePaepe to a one-year term of incarceration and entered judgment.

On May 9, 2018, DePaepe filed a Motion to Set Aside Judgment, which the circuit court denied on May 11, 2018. Pursuant to the Hawai'i Rules of Appellate Procedure ("HRAP"), DePaepe had thirty days within which to appeal this decision, that is, until June 11, 2018. *See* HRAP 4(b).

On August 5, 2019, DePaepe filed a notice of appeal of his criminal conviction, docketed as CAAP-19-0000553. On September 20, 2019, the Deputy Prosecuting Attorney, County of Maui, filed a Statement Contesting Jurisdiction.

---

[1] These facts are taken from the Petition and the Hawai'i State Judiciary database in *State v. DePaepe*, No. 2DTC-17-004234 (Haw. 2d Cir. 2018), https://www.courts.state.hi.us (follow "eCourt Kokua"; then follow "Case Search" for Case ID 2DTC-17-004234) (last visited Dec. 19, 2019). *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (acknowledging that courts may take "notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue"); Fed. R. Evid. 201(b).

[2] DePaepe says that he pled nolo contendere to this charge, but the docket in No. 2DTC-17-004234 shows that he pled guilty.

On November 4, 2019, the Hawaiʻi Supreme Court Office of the Chief Clerk notified DePaepe that the time for filing his Statement of Jurisdiction and Opening Brief had expired. The Clerk informed DePaepe that the matter would be called to the attention of the court for action on November 14, 2019, and told him that his appeal may be subject to dismissal pursuant to HRAP 12.1(e) and 30. DePaepe's appeal remains pending as of December 27, 2019.

DePaepe signed the Petition on October 4, 2019, and the Court received it on October 21, 2019. DePaepe asserts that: (1) his alleged constitutional right to operate a vehicle for his personal use was violated (Ground One); (2) he was on Oahu when the ticket was written, thus, could not have violated HRS section 291E-62(a) in Maui (Ground Two); (3) his plea and sentence are unlawful and his attorney was "not acting on [his] behalf" (Ground Three); and (4) HRS section 291E-62(a) is unconstitutional (Ground Four). Pet., ECF No. 1 at 5-10.

## II. THE PETITION IS DISMISSED

There are several problems with the Petition that must be cured before the Court can order it served on Respondent. First, a petitioner seeking a writ of habeas corpus must name the state officer having custody of him as the respondent to the petition. *See* Habeas Rule 2(a); *Ortiz Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

3

The correct respondent is normally the warden of the facility in which the petitioner is incarcerated, or the chief officer in charge of state penal institutions. *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). If DePaepe elects to proceed with this action, he is DIRECTED to file an amended petition naming the state official with the ability to release him from custody.

Second, DePaepe's appeal in CAAP-19-0000553 remains pending as of the date of this Order. Before a state prisoner may challenge his conviction or sentence in federal court he must fully exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue sought to be raised in federal court. *See* 28 U.S.C. § 2254(b)-(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). If state remedies have not been exhausted, the district court must dismiss the petition. *See Rose*, 455 U.S. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). DePaepe must clarify the procedural posture of his appeal in CAAP-19-0000553, or explain why exhaustion should be waived.

Third, a one-year statute of limitation applies to applications for writs of

habeas corpus, subject to certain tolling conditions. *See* 28 U.S.C. § 2244(d)(1);[3] *id.* § 2244(d)(2) (tolling the statute while a "properly filed" State post-conviction petition is pending). DePaepe's conviction became final after June 11, 2018, thirty days after the circuit court denied his Motion to Set Aside Judgment when the time for appeal expired. He then had until on or before June 11, 2019 to file a timely federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A). The Petition appears time-barred on its face and is subject to dismissal absent equitable tolling.[4] It is DePaepe's burden to demonstrate that his claims are not time-barred, however, and the Petition does not suggest any bases for tolling.

---

[3] Under 28 U.S.C. § 2244(d)(1), there is a one-year period of limitation on an application for writ of habeas corpus by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[4] Equitable tolling is available when "extraordinary circumstances beyond a prisoner's control ma[d]e it impossible to file a petition on time." *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006) (citation omitted); *see also Holland v. Florida*, 560 U.S. 631 (2010).

Fourth, DePaepe fails to clearly allege "that he is in custody in violation of the Constitution or laws or treaties of the United States," because he fails to allege any facts or specific Constitutional or statutory provisions in support of his claims. *See* 28 U.S.C. § 2254(a). Habeas Rule 2 requires a federal habeas petition to state the facts that support each ground for relief. *See* Habeas Rule 2(c)(2); *see also Mayle v. Felix*, 545 U.S. 644, 654-55 (2005) (stating Habeas Rule 2(c) imposes a "more demanding" pleading standard than the Federal Rules of Civil Procedure require for ordinary civil cases). A federal habeas petitioner "is expected to state facts that point to a real possibility of *constitutional* error." *Wacht v. Cardwell*, 604 F.2d 1245, 1247 (9th Cir. 1979) (internal quotation marks and citation omitted) (emphasis added). When, as here, a habeas claim makes only conclusory allegations, the petitioner is not entitled to federal habeas relief. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations . . . [un]supported by a statement of specific facts do not warrant habeas relief." (citation omitted)); *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995) (same). If DePaepe elects to proceed with this action by filing an amended pleading, he must clarify the federal bases of his claims and allege facts in support.

Finally, because mittimus entered on March 14, 2018, and DePaepe was only sentenced to a one-year term of incarceration, it appears that he is no longer

6

in custody for the sentence he challenges. *See* 28 U.S.C. § 2254 (stating that "a district court shall entertain an application for a writ of habeas corpus . . . only on the ground that he is in *custody* in violation of the Constitution or laws or treaties of the United States" (emphasis added)). If true, it appears that his challenge of this conviction was moot when the Petition was filed. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that a person is not "in custody" under a conviction after the sentence imposed for it has fully expired).

## III.  CONCLUSION

(1)  The Petition is DISMISSED with leave granted to amend on or before January 27, 2020. Failure to timely file an amended petition that cures the deficiencies noted above will result in dismissal of this action without prejudice.

(2)  If DePaepe elects to file an amended petition, he is ORDERED TO SHOW CAUSE why this action should not be dismissed. To show cause, DePaepe must file an amended petition on court forms that (a) names a proper respondent; (b) clarifies the conviction and sentence that he challenges; and (c) explains the facts, federal bases, exhaustion, and timeliness of his claims.

(3) In the alternative, DePaepe may NOTIFY the court in writing on or before January 27, 2020, that he is voluntarily dismissing this action.

(4)  The Clerk SHALL send DePaepe a blank Petition under 28 U.S.C. §

2254 for Writ of Habeas Corpus by a Person in State Custody so that he can comply with the instructions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, December 27, 2019.



Jill A. Otake
United States District Judge

*DePaepe v. State*, No. 1:19-cv-00566 JAO-KJM; OSC '19 habeas DePaepe 19-566 (OSC, exh, resp, sol, no fed basis)